ASSOCIATED BUSINESS INVESTMENT
CORPORATION *v.* THE FIRST NATIONAL BANK
OF CONWAY et al

78-139                                    573 S.W. 2d 328

Opinion delivered November 20, 1978
(Division II)

*Brazil, Roberts & Courtney,* for appellants.

*Henry & Graddy* and *Clark & NcNeil,* for appellees.

DARRELL HICKMAN, Justice. The only question on appeal of this cause from the Faulkner Chancery Court is one of priorities as between secured parties.

The chancellor held that The First National Bank of Conway had first priority; Associated Business Investment Corporation was second; Burkhart-Randall was third; and, Theo Hiegel and Frances Hiegel were last. Associated and the Hiegels appealed.

The dispute arose because Safety Plastics, Inc. defaulted on several loans and an action was filed in Faulkner County Chancery Court which resulted in the court's decision of priorities. The net proceeds of a sale netted $30,842.00, far short of enough to satisfy all of the claims.

The First National Bank first loaned Plastics $9,217.11 and secured its loan with a financing statement and chattel

mortgage which were filed June 6, 1973.

Associated loaned Plastics $54,000.00 and filed its security agreement on the same property March 8, 1974.

Burkhart-Randall loaned Plastics some $101,000.00 and filed its security agreement April 26, 1974.

First National made two other loans to Plastics; one for $25,000.00 secured by an instrument filed March 21, 1975 and one for $50,000.00 secured by an instrument filed March 1, 1976.

The first note to First National Bank for some $9,000.00 was paid in full by Plastics in December, 1973, but the chattel mortgage was not released of record.

The Hiegels signed a lease with Plastics in September, 1973 leasing premises to Plastics. This lease was assigned to Associated in February, 1974, as security, but it was never placed of record.

The Chairman of the Board of First National testified that although Plastics paid the first note in full, Plastics was never out of debt to the bank after the date of the loan.

The chancellor held that First National had priority because Plastics was never out of debt to First National and the chattel mortgage contained a future advances clause which reads:

> This mortgage is given to secure the payment of the aforesaid mortgage and any renewal or renewals or any extension or extensions thereof, together with any future advances and the payment of any and all other indebtedness of every kind or character represented by promissory note or otherwise, whether as principal maker, endorser, or guarantor, now due or that may become due from Mortgagor to Mortgagee from this day up to and including the final foreclosure hereof and all such indebtedness shall be secured by the lien on said property under this mortgage.

Associated argues that since the note was paid in full, then First National had no claim to first priority because its later debts were obviously made and secured after loans were made by Associated and Burkhart-Randall and security interests were perfected. Associated also argues the subsequent loans were not "advances" covered by the first chattel mortgage because new security instruments were filed.

It was First National's contention that essentially the subsequent loans to Plastics were advances and that its mortgage was of record with a future advances clause and, therefore, it should have first priority. We agree with this argument. The Uniform Commercial Code adopts the system of "notice filing" and there is a provision in the Code for a debtor to question the retention of a security interest in property. See Ark. Stat. Ann. § 85-9-402 Comments, Note 2, and Ark. Stat. Ann. § 85-9-208. The Commercial Code also provides that security agreements may include future advances clauses. Ark. Stat. Ann. § 85-9-204(5).

In a similar situation a bank was held to have retained its security interest although the secured note had been paid in full. See *Re Zwicker,* 8 UCC Reporting Service, 924.

First National had its instruments properly filed which were notice to any interested party that a claim existed against the property in question. The first chattel mortgage had not been released of record and any of the parties could have learned of the claim, but apparently chose not to do so. The simple fact that the first secured note had been paid is not sufficient evidence to hold that the security interest claimed must fail. This is especially true in view of the fact that a future advances clause was contained in the chattel mortgage, evidence was adduced that Plastics was never out of debt to the bank and the bank made subsequent loans to Plastics.

The Heigels' claim that their lease, while not recorded, amounted to a landlord's lien and at least gave them priority over Associated, has no merit. The lease was not assigned to Associated for the purpose of imposing upon Associated an obligation to pay the rent but simply was a matter of security for a loan that Associated made to Plastics. The language in

the lease referring to a "landlord lien" could not, of itself, give the Hiegels priority against any secured interest Associated had that was properly perfected.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and BYRD, JJ.